UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARA WRIGHT ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-136** |
| **AT&T MOBILITY, LLC** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss the above-captioned matter pursuant to the *Colorado River* abstention doctrine filed by plaintiffs, Clara Wright ("Wright") and Dennis Drury ("Drury"). Defendant, AT&T Mobility, LLC, filed an opposition.[2] AT&T Mobility, LLC, is an affiliated entity of Cingular Real Estate Holdings of the Southeast, LLC (the defendant in the original quiet title lawsuit that gives rise to this removed petition for eviction).[3] For simplicity, the Court will refer to the defendant in this lawsuit and the quiet title lawsuit collectively as "AT&T." For the following reasons, the motion is **DENIED.**

### *BACKGROUND*

Plaintiffs purchased a piece of property on June 9, 2004, at a property tax sale.[4] After the requisite three years passed without payment by AT&T (the previous owner of the property), on October, 27, 2012, Wright filed a lawsuit in the 22nd Judicial District Court of Louisiana to confirm and quiet title.[5] The court confirmed her ownership and the First Circuit Court of Appeals for the State of Louisiana affirmed the court's judgment on July 1, 2010.[6] Shortly

---

[1] R. Doc. No. 14-1.
[2] R. Doc. No. 16.
[3] R. Doc. No. 6.
[4] R. Doc. No. 14-1, at 2.
[5] *Id.*
[6] *Wright v. Cingular Real Estate Holdings of La., L.L.C.*, No. 2009 CA 1825, 2010 WL 2637907, at *4 (La. App. 1st Cir. 2010).

thereafter, Wright and AT&T began discussions relative to a potential lease, which ultimately led to AT&T filing a petition to enforce settlement in the 22nd Judicial District Court of Louisiana.[7] Wright filed a reconventional demand to the petition, alleging unlawful use and occupancy of the property and seeking damages.[8] Plaintiffs then filed a petition for eviction in the 22nd Judicial District Court of Louisiana on December 17, 2012.[9] According to the petition, AT&T has occupied the property for more than eight years without paying rent.[10] On January 24, 2013, AT&T removed the case,[11] and on April 11, 2013, the Court denied plaintiffs' motion to remand for lack of subject matter jurisdiction.[12]

Plaintiffs contend that this matter should be remanded pursuant to the *Colorado River* abstention doctrine in order to avoid piecemeal litigation of collaterally related matters.[13] AT&T responds that the motion should be denied because there are no exceptional circumstances in this case that warrant abstention of statutory jurisdiction under the *Colorado River* doctrine.[14]

## STANDARD OF LAW

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." *Black's Law Dictionary* (9th ed. 2009). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "'The doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District

---

[7] R. Doc. No. 12-1, Ex. A.
[8] R. Doc. No. 12-2, Ex. B.
[9] R. Doc. No. 1-1, at 4.
[10] *Id.* According to the defendant, the property is uninhabited, "in a raw state, without clearing, except for the construction of a properly maintained, zoned, and permitted [cellular communications] tower." R. Doc. No. 6, at 1. Plaintiffs do not dispute this characterization.
[11] R. Doc. No. 1.
[12] R. Doc. No. 13.
[13] R. Doc. No. 14-1.
[14] R. Doc. No. 16.

2

Court to adjudicate a controversy properly before it.'" *Id.* (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). "'Abdication of the obligation to decide cases can be justified under [the abstention doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Id.* (quoting *Allegheny*, 360 U.S. at 188-89).

In *Colorado River*, the U.S. Supreme Court noted that, generally, "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . .'" *Id.* at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). This is because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* at 817-18 (citing *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964)). Accordingly, a court may abstain from a case because of parallel litigation in state court only under "exceptional" circumstances. *Id.* at 818.

In order to determine if the *Colorado River* abstention doctrine applies, courts must first inquire into whether the federal and the state actions are parallel. An action is parallel when it has "the same parties and the same issues" as a case in a different forum. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). The Fifth Circuit has noted "[i]t might not be necessary that the parties and issues are absolutely identical in every instance for *Colorado River* abstention to be appropriate." *Am. Family Life Assurance Co. of Columbus v. Biles*, No. 12-60235, 2013 WL 1809766, at *2 (5th Cir. Apr. 30, 2013) (citing *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 n.7 (5th Cir. 2006)).

Second, to determine whether "exceptional" circumstances exist in a given case, courts consider six factors: (1) the assumption by either court of jurisdiction over a *res*, (2) the relative inconvenience of the forums, (3) the avoidance of piecemeal litigation, (4) the order in which

jurisdiction was obtained by the concurrent forums, (5) the extent to which federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colo. River*, 424 U.S. at 818-19; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 18-26 (1983). No one factor is determinative, and all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

## *DISCUSSION*

The parties disagree as to whether the removed eviction petition and state petition to enforce settlement are parallel cases. Plaintiffs argue the cases are parallel because they involve the same parties and overlapping issues.[15] Plaintiffs assert that the judgment in one lawsuit will have a *res judicata* effect in the other lawsuit.[16] AT&T responds that the cases are not parallel because while they bear some relation, the parties and issues are not the same.[17] AT&T asserts that the state court proceedings concern AT&T's request to enforce a settlement agreement and Wright's reconventional demand for unlawful use and occupancy of the property, whereas this federal lawsuit concerns an eviction proceeding.[18] Additionally, AT&T claims that the parties are not the same because Drury is not involved in the state court lawsuit.[19]

Though the issues and parties are not entirely the same, the Fifth Circuit has held that the parties and issues do not have to be identical to be parallel. *Biles*, 2013 WL 1809766 at *2 (citing *Brown*, 462 F.3d at 394). "Of central concern" in determining whether actions are parrallel "is whether there is a substantial likelihood that the state litigation will dispose of all

---

[15] R. Doc. No. 14-1, at 5.
[16] *Id.*
[17] R. Doc. No. 16, at 2.
[18] *Id.* at 2-3.
[19] *Id.* at 2.

4

claims presented in the federal case." *Kenner Acquisitions, LLC v. Bellsouth Telecomms., Inc.*, No. 06-3927, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (Vance, C.J.) (quotation omitted). The federal and state cases here are "sufficiently parallel" because the issues arise from the same dispute, and the resolution of the state lawsuit would dispose of the claim in the removed lawsuit. *See id.* at *2-3. Accordingly, it is necessary to weigh the aforementioned factors to determine whether exceptional circumstances exist which would require abstention. Considering all of the factors, the Court finds that abstention is not required.

When a court has not taken control over property or any *res*, then the first factor weighs against abstention. *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988). Both parties agree that this Court has not assumed jurisdiction over a *res*.[20] Plaintiffs argue that the state court assumed jurisdiction over a *res* as far back as 2007, when it resolved the ownership of the property in question.[21] AT&T argues that, while it is true the state court assumed jurisdiction over a *res* as far back as 2007, the lawsuit to quiet title is over and no longer pending.[22] It asserts that the pending state court action to enforce a settlement agreement and Wright's reconventional demand for money damages are *in personam* claims.

"The preexisting exercise of jurisdiction over a piece of property clearly favors abstention in a subsequent federal proceeding involving the same property." *Kenner Acquisitions*, 2007 WL 625833, at *3. However, the status of the property at issue here has already been established by a judgment, and no court currently has jurisdiction over the *res*, distinguishing this case from *Kenner Acquisitions*, where the property dispute was ongoing. *See*

---

[20] R. Doc. No. 14-1, at 6; R. Doc. No. 16, at 3. AT&T characterizes evictions as similar to trespass actions, which qualify as in personam actions. *Id.* at 3. (citing *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir. 1987)) ("an action for trespass to land" is "an in personam action"); *Hallaba v. Worldcom Network Servs., Inc.*, 196 F.R.D. 630, 646-47 (N.D. Okla. 2000) ("Trespass actions . . . . are clearly in personam actions.").
[21] R. Doc. No. 14-1, at 6.
[22] R. Doc. No. 16, at 3.

*id.* at *3-4; *see also Colo. River*, 424 U.S. at 818-20. Had the parties asked that this case be stayed during the pendency of the quiet title lawsuit, it is possible that this situation might be appropriate for *Colorado River* abstention. *Compare King v. Martin*, No. 10-1774, 2013 WL 1193678 at *5 (W.D. La. Mar. 22, 2013) (Stagg, J.) (abstaining because the state court quiet title lawsuit which would determine the status of the property at issue was currently on appeal). However, because the quiet title lawsuit is no longer pending, there is no state court jurisdiction over a *res*. Moreover, the settlement action was filed as a separate lawsuit from the quiet title lawsuit. Accordingly, the state court lawsuit at issue never involved a *res*. The absence of jurisdiction over a *res* supports exercising federal jurisdiction. *Stewart*, 438 F.3d at 492 (quoting *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999)).

The parties agree that the second factor, the relative inconvenience of the forum, does not weigh in favor of abstention. This factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses." *Evanston*, 844 F.2d at 1191. Where, as here, "[c]ourts are in the same geographic location, the inconvenience factor weighs against abstention." *Stewart*, 438 F.3d at 492.

The parties disagree as to the significance of the third factor, avoidance of piecemeal litigation. AT&T contends that the pending litigation would be duplicative, rather than piecemeal.[23] Further, AT&T argues that plaintiffs created piecemeal litigation by filing a separate lawsuit for eviction and that there will still be two lawsuits even if the federal court abstains.[24] Plaintiffs argue that either AT&T's alleged lease is in effect or plaintiffs' eviction action, which is premised on the absence of a lease, will be successful. Accordingly, plaintiffs argue that the lawsuits create a danger of piecemeal litigation which should be avoided.[25]

---

[23] *Id.* at 4.
[24] *Id.*
[25] R. Doc. No. 14-1, at 7.

6

> *Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems . . . The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation and the concomitant danger of inconsistent rulings with respect to a piece of property.

*Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5 Cir. 2000) (quoting *Evanston*, 844 F.2d at 1192) (footnotes omitted). Because the federal and state lawsuits concern a petition to enforce settlement and an eviction, which do not involve jurisdiction over a *res*, the risk of piecemeal litigation and danger of inconsistent rulings with respect to a piece of property is not great. *See id.*

The Fifth Circuit has acknowledged that the application of *res judicata* can eliminate the danger of inconsistent rulings in a case with the potential for piecemeal litigation. *Stewart*, 438 F.3d at 492. Here, plaintiffs acknowledge that one lawsuit will have a *res judicata* effect on the other.[26] The Court concludes that the third factor weighs against abstention in this matter.

The fourth factor is measured by the amount of progress made in each action. *Moses H. Cone*, 460 U.S. at 21. AT&T does not dispute that the state court proceeding was filed prior to plaintiffs' eviction action.[27] Plaintiffs argue that extensive discovery has taken place on the lease issue in state court which weighs in favor of abstention.[28] The federal lawsuit has not progressed past the removal and remand motions of the parties. The Court concludes that the fourth factor weighs in favor of abstention.

With respect to the fifth factor, the parties agree that the case directly involves only state law. However, "[t]he absence of a federal-law issue does not counsel in favor of abstention," and the "presence of state law issues weighs in favor of surrender only in rare circumstances."

---

[26] *Id.* at 5.
[27] R. Doc. No. 16, at 5.
[28] R. Doc. No. 14-1, at 8.

7

*Evanston*, 844 F.2d at 1193. While generally this would suggest the fifth factor is neutral in this case, plaintiffs argue that a "rare circumstance" is present here.[29] Specifically, plaintiffs cite several decisions in which courts abstained from hearing eviction matters despite having the power to exercise jurisdiction in an effort to "avoid completely emasculat[ing] the state structure for dealing with such disputes."[30] Plaintiffs also argue that several courts have abstained because there is no basis for jurisdiction over summary proceedings in the Federal Rules of Civil Procedure or in statutes governing federal court procedures.[31] Evictions are considered summary proceedings under Louisiana law. *Betts v. Hoffman*, 975 So. 2d 200, 204 (La. App. 3d Cir. 2008).

Plaintiffs do not cite, and this Court is not familiar with, any Fifth Circuit authority holding that summary proceedings give rise to a "rare circumstance" exception preventing the Court from hearing the case pursuant to the *Colorado River* abstention doctrine. The Court has reviewed the authority of other Circuits cited by the plaintiff and finds such other decisions inapplicable. In fact, plaintiffs ignore that in the primary case they rely upon, *MCC Mortgage*, the court refused to abstain, holding that despite some authority to the contrary, evictions do not represent the kind of exception to the rule envisioned by the *Colorado River* doctrine. *See MCC Mortg.*, 685 F. Supp. 2d at 947. Plaintiffs have not set forth any precedent or reason which would support the argument that an eviction proceeding would fit into this narrow exception. Ultimately, the Court finds that the issues presented here are not "rare circumstances" in which the presence of state law could support abstention, so this factor is neutral.

With respect to the sixth factor, plaintiffs argue that AT&T's rights will be adequately protected by state court proceedings, which weighs in favor of abstention.[32] AT&T argues that

---

[29] *Id.* at 9-10.
[30] *Id.* at 10. (citing *MCC Mortg. LP v. Office Depot, Inc*., 685 F. Supp. 2d 939, 947 (D. Minn. 2010)).
[31] *Id.* at 9. (citing *MCC Mortg*., 685 F. Supp. 2d at 945-46).
[32] R. Doc. No. 14-1, at 10.

even if its' rights will be adequately protected in state court, this factor does not support abstention.[33] The Fifth Circuit has held that the sixth factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193.

## *CONCLUSION*

Only the relative amount of progress in the state court proceeding weighs in favor of abstention. The remaining factors are neutral or weigh against abstention. The Court has considered each factor and the circumstances of the case and concludes this is not the exceptional circumstance in which abstention is warranted.

**IT IS ORDERED** that the motion to dismiss or, in the alternative, stay the above-captioned matter is **DENIED**.

New Orleans, Louisiana, June 12, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. No. 16, at 5-6.